Filed 7/30/24  P. v. Smyer CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEREK PAUL SMYER,<br><br>Defendant and Appellant. | B328617<br><br>(Los Angeles County Super. Ct. No. SA079068) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, and John Yang, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Derek Paul Smyer is serving life in prison without the possibility of parole because of murders he arranged when he was 20 years old. Smyer petitioned the trial court to allow him to proceed under a statute that offers youth offenders relief from long prison terms. But the statute excludes those who offended after the age of 18 and whose sentence is life without the possibility of parole. (*See* Pen. Code, § 3051, subd. (h).) Smyer acknowledged this statutory bar but argued it is unconstitutional. The trial court correctly rejected this constitutional argument.

In 2001, when he was 20, Smyer solicited a shooter to kill Crystal T. and the fetus she was carrying. (*People v. Smyer* (Apr. 4, 2019, B283604) [nonpub. opn.].) Smyer's relationship with Crystal T. lasted one month. She said she was pregnant and wanted to keep the baby. She refused Smyer's demand that she get an abortion. "[A] search of Smyer's computer revealed he looked at a chat room regarding pregnancy with the statement, 'I just got some slut pregnant. Now bitch wants my money. What should I do?' " (*Id.* at p. 7.) Smyer contacted the shooter, who was trying to recruit Smyer into his gang "because he needed a person loyal to him to help sell narcotics at Anderson Park." (*Id.* at p. 8.) The shooter waited in the shadows of the carport. When Crystal T. came down the stairs, he shot her in the back of the head, killing her and her fetus. (*Id.* at p. 9.) The jury convicted Smyer of the second degree murder of Crystal, of the first degree murder of the fetus, and of solicitation of murder. The jury found true the multiple-murder and financial gain special circumstance allegations. (*Id.* at p. 20.) The court sentenced Smyer to life imprisonment without the possibility of parole plus 15 years to life plus 2 years. (*Ibid.*) We affirmed the sentence of life

imprisonment without the possibility of parole. (*Id.* at pp. 22, 73.)

Smyer now makes two constitutional arguments: equal protection, and cruel or unusual punishment.

Our Supreme Court rejected the equal protection argument in *People v. Hardin* (2024) 15 Cal.5th 834, 839–840, 842–866 (*Hardin*). *Hardin* ruled the Legislature had a rational basis for excepting youth offenders serving life without possibility of parole from this statutory scheme. "By excluding persons sentenced to life without parole from youth offender parole proceedings, the Legislature exercised its prerogative to define degrees of culpability and punishment by leaving in place longstanding judgments about the seriousness of these crimes and, relatedly, the punishment for them." (*Id.* at p. 853.)

*Hardin*'s counsel also is serving as Smyer's attorney in this appeal. In his reply brief, filed just days after the high court's *Hardin* opinion issued, counsel, with exemplary candor, wrote "appellant will be unable to prevail in the California state courts on his equal protection violation claim . . . ." Hardin does not concede his point in the hopes that federal review will produce a different result. But he acknowledges, as he must, that the California Supreme Court holding is binding on us.

In a later letter entitled "ERRATUM," Smyer also argues "there is no rational basis to distinguish between young adult offenders sentenced to LWOP and juvenile offenders sentenced to LWOP." The *Hardin* court held that "special circumstance murder is a uniquely serious offense." (*Hardin, supra,* 15 Cal.5th at p. 839.) As applied in this case, this basis for drawing a distinction is rational.

3

Smyer also claims his sentence now constitutes cruel or unusual punishment. He concedes his sentence was *not* cruel or unusual when it was originally imposed. Rather, he maintains this constitutional bar arose later, on account of statutory amendments that were generally favorable to defendants. In particular, his claim is the Legislature, by amending sections 3051 and 4801 in 2019 and 2017, recognized that youthful offenders may be less culpable when they commit offenses before turning 26. Smyer argues this *legislative* finding, and its embrace of this concept, changed *constitutional* law. Smyer concludes it is now cruel or unusual to deny him the benefit of this same awareness, given that he was under 26 when he offended.

Except under unusual situations not present here, *legislatures* have no power to change *constitutional* law. Smyer cites no precedent for this argument.

At heart, Smyer's argument merely puts different clothing on an equal protection claim. In effect he argues that "others under 26 years of age benefit from these amendments, and logically I should benefit too."

We agree with *People v. Abundio* (2013) 221 Cal.App.4th 1211, 1220-1221 (*Abundio*).) "The planning in which appellant engaged, as well as the unprovoked and vicious nature of the crime, lead us to conclude that appellant's sentence is not grossly disproportionate to the nature of the offense or to appellant's culpability." (*Id.* at p. 1221.) The prosecution relied on *Abundio* in its briefing. Smyer omits citation or discussion of that case in his reply.

///

///

4

## DISPOSITION

We affirm the order and grant the request for judicial notice.

WILEY, J.

We concur:

STRATTON, P. J.

GRIMES, J.

5